# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NICOLE URQUHART-BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 18-2213 |
| | ) | |
| CUSHMAN & WAKEFIELD, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Claiming she was fired because of her race and gender, Nicole Urquhart-Bradley sues her former employer Cushman & Wakefield, Inc. under Title VII, 42 U.S.C. § 1981, and the D.C. Human Rights Act. She also sues Shawn Mobley, Cushman & Wakefield's Chicago-based Chief Executive Officer for the Americas, who fired Urquhart-Bradley (who worked out of Cushman & Wakefield's D.C. office) over the phone. But personal "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine*, 465 U.S. 770, 781 n.13 (1984). Here, Mobley lives and works in Chicago— not D.C. Indeed, his only alleged contact with D.C. was calling Urquhart-Bradley from Chicago to fire her. So he moves to dismiss Urquhart-Bradley's claims against him for lack of personal jurisdiction.

Urquhart-Bradley responds with district court cases ascribing a corporation's forum contacts to individual employees who exert significant discretionary influence over those contacts. But Urquhart-Bradley fails to allege facts justifying that exception here. Accordingly, because Mobley lacks sufficient contacts with the District of Columbia for this Court to

otherwise exercise personal jurisdiction over him, the Court will dismiss Urquhart-Bradley's claims against him under Rule 12(b)(2).

## I. Analysis

When a defendant lacks "continuous and systematic" contacts with the forum, courts have personal jurisdiction only over specific claims arising out of the defendant's contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 197 S. Ct. 1773, 1779-80 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To establish specific personal jurisdiction in federal court, the plaintiff must serve the defendant in accordance with (at least) the forum territory's long-arm statute and (at most) the Fifth Amendment's due process clause. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). And here, since D.C.'s long-arm statute reaches as far as the Fifth Amendment allows, *see Mouzavires v. Baxter*, 434 A.2d 988, 991 (D.C. 1981) (en banc), that two-step inquiry collapses into one: this Court has specific personal jurisdiction as long as D.C. is "affiliat[ed]" with "the underlying controversy" because of the defendant's "activity or occurrence" in D.C. *Goodyear*, 564 U.S. at 919; *see also* Fed. R. Civ. P. 4(k)(1)(A).

In cases against corporate defendants, that test usually precludes personal jurisdiction over non–D.C.-based employees lacking a personal tie to D.C. After all, even if a court has specific personal jurisdiction over a corporation writ large, specific personal jurisdiction over its employees must "be based on their [individual] contacts with the forum." *Wiggins v. Equifax Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994). Even "[t]he fact that" a non-D.C. employee "may have acted in a supervisory capacity over persons with contacts with the District . . . fails to create personal jurisdiction." *Id.* In other words, regardless of a corporation's D.C. activities,

non–D.C.-based employees can only be sued in D.C. for claims arising from their own transactions, contracts, property, actions, or relationships within D.C. *See* D.C. Code § 13-423.

That said, a narrow exception grafts a corporation's D.C. contacts onto a non–D.C.-based employee if the employee exerted significant discretionary influence over the corporation's forum contacts. *See Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 8 (D.D.C. 2009). But to invoke that exception, a plaintiff must allege the company's forum contacts turned on some ultra vires action by the defendant. Put differently, a plaintiff cannot attribute a corporation's forum contacts to an out-of-forum employee who acted solely within his corporate responsibilities.

On that basis, the court in *D'Onofrio v. SFX Sports Group, Inc.* declined to exercise specific personal jurisdiction over the Texas-based Chief Financial Officer (CFO) of a corporate defendant in an employment discrimination case. 534 F. Supp. 2d 86 (D.D.C. 2008). The CFO's only alleged D.C. contact was calling the DC-based plaintiff from outside the jurisdiction to fire her. *Id.* at 93. So regardless of whether the termination was illegal, the decision to terminate the plaintiff "f[e]ll squarely within [the CFO's] scope of employment." *Id.*

So too here. Even under the most generous reading of Urquhart-Bradley's complaint, this Court's personal jurisdiction over Mobley turns solely on him calling from outside the jurisdiction to fire her. That phone call alone is not enough to confer personal jurisdiction. *See Harris v. Omelon*, 985 A.2d 1103, 1105-06 (D.C. 2009) (holding that "a phone call across state borders . . . . is not sufficient to create personal jurisdiction over the defendant" where the defendant is not "regularly conduct[ing] or solicit[ing] business or [pursuing] another persistent course of conduct in D.C."). And Urquhart-Bradley never alleges the decision to terminate her exceeded Mobley's corporate responsibilities. Quite the opposite: she casts it as an example of

the company's broader "discriminatory practices and decisions." *See* Am. Compl. ¶¶ 77–79, 92–94, 107–09, ECF No. 17. So this Court lacks specific personal jurisdiction over him.

## II. Conclusion

Because Urquhart-Bradley fails to allege Mobley's decision to fire her exceeded his corporate responsibilities, the Court cannot attribute Cushman & Wakefield's D.C. contacts to Mobley himself. And because Urquhart-Bradley fails to allege Mobley had any other relevant contact with D.C., the Court lacks personal jurisdiction over him. So the Court will grant his motion to dismiss under Rule 12(b)(2). A separate order follows.

June \_\_\_, 2019

_____

Royce C. Lamberth
United States District Judge